UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LISA SORENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 2:08-cv-439-DBH & |
| | ) | 2:08-cv-440-DBH |
| JEFFREY M. GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION**

On December 29, 2008, Defendant Jeffrey M. Gray, a resident of New Hampshire, removed from the Maine District Court two complaints for protection from harassment filed by Lisa Sorenson on behalf of two minor children, JMG (case 2:08-cv-439) and LEG (case 2:08-cv-440), who reside in Maine with Sorenson.  The pleadings associated with the protection from harassment proceedings relate that the requests stem from recent harassing phone calls placed by the defendant to the home of the plaintiff and the minor children, which calls were viewed as threatening in light of a history of abusive treatment.  (Doc. No. 1-3 at 2.)  The complaints seek injunctive relief, as expected, but the plaintiff, Ms. Sorenson, also checked off boxes on the complaint forms requesting "monetary compensation for losses . . . incurred as the result of the harassment."  (Doc. No. 1-4.)  On January 5, 2009, I entered an order directing the parties to show cause why this Court has jurisdiction over the protection from harassment complaints, because it appeared highly probable that the amount in controversy does not approach anywhere close to $75,000 and no federal question is evident from the pleadings.  (Doc. No. 7.)

Ms. Sorenson has declined the invitation to discuss jurisdiction. Her counsel has not filed an appearance in this Court to address the matter and Ms. Sorenson has not entered a *pro se* appearance. Mr. Gray, appearing *pro se*, has responded. First, Gray filed two motions requesting that the Court issue orders instructing the Maine District Court to stay all proceedings and voiding any procedural orders issued by the Maine District Court in connection with the matter of removal (the Maine District Court understandably questioned the legitimacy of Gray's removal of the complaints to this Court). (Doc. Nos. 9 & 10.) Second, Gray filed a motion for change of venue (Doc. No. 14), asking that this matter be transferred to the District of New Hampshire, where he resides, and where he has apparently filed either a federal question claim or a diversity claim against Sorenson. Third, and finally, Gray has responded to the order to show cause (Doc. No. 16), although not effectively.

In response to the order to show cause, Gray argues that the amount in controversy in this matter surpasses the $75,000 threshold because he has filed his own federal case against Sorenson in New Hampshire and has alleged in that case a claim or claims valued at more than the jurisdictional threshold.[1] Gray argues that his allegation about the amount in controversy should be read into Gray's protection from harassment complaints because, at a hearing before the Maine District Court, Sorenson introduced Gray's complaint as evidence of the harassment he is putting her through. Thus, he illogically reasons, his allegation becomes hers.

Removal is appropriate only when the case might have originally been brought in federal court. 28 U.S.C. § 1441(a). "To invoke a federal court's subject matter jurisdiction by reason of

---

[1] The New Hampshire case is <u>Gray v. Sorenson</u>, 08-cv-443 PB. A review of the docket entries in that case reveals that Ms. Sorenson has filed a motion to dismiss under Rule 12(b) alleging that the New Hampshire court does not have personal jurisdiction over her. Alternatively, she claims venue is improper in New Hampshire because neither she nor the minor children reside in New Hampshire. That motion has not yet been resolved as of today's date.

diversity of citizenship, the amount in controversy must exceed $75,000." Westinghouse Elec. Co., LLC v. Healy, 502 F. Supp. 2d 138, 140 (D. Me. 2007) (citing 28 U.S.C. § 1332(a)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court has an obligation to determine the existence of subject matter jurisdiction whenever it should appear to be missing. In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). When the defendant is the party insisting that the amount in controversy is sufficient to justify removal to federal court, the Court may require the defendant to demonstrate that the plaintiff, if successful, would recover in excess of $75,000. Satterfield v. F.W. Webb, Inc., 334 F. Supp. 2d 1, 3 (D. Me. 2004) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 400-404 (9th Cir. 1999), and 14C Charles Alan Wright *et al.*, Federal Practice and Procedure § 3725 (3rd ed. 1998), but not ultimately deciding whether to apply a "more likely than not" or a "legal certainty" standard); see also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Denchfield v. Waller, 1996 U.S. App. Lexis 25364, *1-2 (1st Cir. 1996) (unpublished *per curiam* op.)

     Gray fails to demonstrate that the amount in controversy generated by Sorenson's protection from harassment complaints on behalf of the minor children exceeds $75,000. The allegations that underlie the complaints assert that Gray placed a number of harassing phone calls to the Sorenson residence. There is no reasonable basis for the Court to assume, nor is there any evidence from which it might find, that any pecuniary losses related to the alleged harassment could possibly justify an award of damages to Sorenson in excess of $75,000. Accordingly, the Court lacks subject matter jurisdiction and should remand these cases to the state court.

**Conclusion**

For the reasons outlined above, I recommend that the Court issue orders of remand in both 2:8-cv-439 and 2:8-cv-440.  If the Court should adopt this recommended decision it would render moot Gray's motions for change of venue and for injunctive relief against the Maine District Court in Biddeford.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 23, 2009